IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   CR No. 14-2446 KG

BRANDON WILLIAM WOOD,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court upon Defendant's *pro se*[1] Motion for Compassionate Release/Reduction in Sentence, filed May 28, 2020. (Doc. 89). Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He alleges the COVID-19 pandemic poses an unreasonable risk of harm in federal prison. Having carefully reviewed the record and applicable law, the Court will deny the Motion.

*I. Background*

    On April 1, 2015, Defendant pled guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine, and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C); Using, Carrying, and Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). (Doc. 67). On June 23, 2015, the Court sentenced Defendant to 120 months imprisonment, followed by three years of supervised release. (Doc. 73).

---

[1] An attorney was appointed for Defendant on June 5, 2020, (Doc. 90), but counsel has not filed a supplemental motion.

On May 28, 2020, Defendant filed the instant Motion seeking compassionate release due to COVID-19. (Doc. 89). He states he is incarcerated at the Federal Correctional Institution in Ashland, Kentucky (FCI Ashland), and that he requested release from the warden but has not had a response. *Id.* at 2. He further states he is prescribed medication for cholesterol, pain, and nerve damage, and he has a family history of heart disease, diabetes, and hypertension. *Id.* at 10-11. Defendant states he has taken continuing education and drug education classes, has been incident free the past five years, and has an exemplary record. *Id.* at 11-12. He has a "Home Confinement Plan" with a place to live and immediate employment upon release. *Id.* at 12. In addition, Defendant's family attorney, Steven F. Shames, filed a letter in support of Defendant's Motion, stating Defendant's father has had two quadruple bypass surgeries and is in declining health. (Doc. 88). Mr. Shames further states that Defendant would live in his parents' home upon release and that Mr. Shames secured employment for Defendant. *Id.* The Bureau of Prisons Inmate Locator reflects that Defendant is 41 years old, and his release date is December 30, 2022. *See* https://www.bop.gov/inmateloc/.

## II. Discussion

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse

of 30 days from the receipt of such a request by the warden of the defendant's facility … ."  18 U.S.C. § 3582(c)(1)(A).

Aside from allowing prisoners to bring a motion directly, the First Step Act did not change the standards for compassionate release.  Relief is available where the sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples."  28 U.S.C. § 994(t).  *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release).  The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons."  U.S.S.G. § 1B1.13, cmt. n.1.

Some courts have found "extraordinary and compelling reasons" to justify compassionate release where the defendant's serious underlying health conditions place him at high risk of infection and death from COVID-19.  *See United States v. McCarthy*, 2020 WL 1698732, at *5 (D. Conn.) (collecting cases involving asthma, diabetes, and compromised immune systems); *United States v. Jenkins*, 2020 WL 2466911, at *6 (D. Colo.) (releasing inmate based on age and stroke risk); *United States v. Lopez*, 2020 WL 2489746, at *3 (D.N.M.) (analyzing release based on age, blood pressure, and diabetes).  However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify

3

compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Nwankwo,* 2020 WL 2490044, at *1 (S.D.N.Y.) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

Here, Defendant does not demonstrate sufficiently "extraordinary and compelling" circumstances to justify compassionate release. Defendant argues his medical condition justifies compassionate release because he is taking several medications and has a family history of heart disease and diabetes. (Doc. 89) at 10-11. However, to find "extraordinary and compelling reasons" for a sentence reduction based on a defendant's medical condition, the defendant must be "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," or a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1, (A)(i)-(ii). Defendant does not allege or provide evidence of such serious health conditions or that he is at a significantly higher risk of infection and death from COVID-19. Defendant also fails to allege that FCI Ashland has a substantial outbreak of COVID-19 or that the facility is failing to take appropriate safety measures. Accordingly, the Court cannot find "extraordinary and compelling reasons" to justify release. *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *Nwankwo,* 2020 WL 2490044, at *1 (explaining "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

Defendant also states he has taken continuing education and drug education classes, has been incident free the past five years, and has an exemplary record. (Doc. 89) at 11-12. The Court commends Defendant on his exemplary record and encourages him to continue to take steps that will improve his chances of success upon his release. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for purposes of compassionate release. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, app. n. 3. Similarly, Mr. Shames' letter stating Defendant's father has had two quadruple bypass surgeries and is in declining health, (Doc. 88), does not qualify Defendant for release based on family circumstances. The Guidelines provide that a defendant may qualify for a reduction in sentence based on family circumstances in certain situations where the defendant is needed to care for a spouse, partner, or child. U.S.S.G. § 1B1.13, cmt. n.1, (C). Thus, Mr. Shames' request for Defendant to be released to care for his father does not qualify under this provision. While the Sentencing Guidelines are advisory and this Court is sympathetic, Defendant has failed to establish there is no other family member or other reasonable option but himself to provide care to his father.

Finally, liberally construed, Defendant's Motion also seeks home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). *See* (Doc. 89) at 12 (asking for home confinement and stating he has a place to live and employment plans). Before the CARES Act, the BOP could place an inmate in home confinement for the lesser of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(2). Under the CARES Act, and based on the Attorney General's declaration that the COVID-19 pandemic will materially affect BOP functioning, the BOP Director now may "lengthen the maximum amount of time for which

5

[he or she] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. Law 116-136, 134 Stat. 281, § 12003(b)(2); *see* Memorandum from Attorney General William Barr to Director of BOP, dated Apr. 3, 2020, at 1, https://www.justice. gov/file/1266661/download (last visited July 9, 2020) (finding because of COVID-19, emergency conditions are materially affecting functioning of the BOP). The CARES Act, however, does not authorize the Court to release an inmate on home detention or to review the BOP's decision not to do so. *See United States v. Read-Forbes*, 2020 WL 1888856, at *5 (D. Kan.) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Warren*, 2020 WL 2849908, at *2 (D. Kan.) (same). To the extent Defendant has not already done so, he should direct any request under the CARES Act to the BOP through his case manager.

    For the foregoing reasons, the Court finds Defendant's Motion for Compassionate Release is procedurally defective and fails to allege extraordinary and compelling reasons justifying a release. The Court will, therefore, deny the Motion without reaching the factors addressing community safety and Section 3553(a).

    IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. 89) is denied.

_____
UNITED STATES DISTRICT JUDGE